PREET BHARARA
United States Attorney
Southern District of New York
By:     LI YU
        JESSICA JEAN HU
        JACOB LILLYWHITE
        Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY   10007
Tel. Nos. (212) 637-2734/2726/2639
Fax Nos. (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  -against-<br><br>GLENWOOD MANAGEMENT CORPORATION, LIBERTY STREET REALTY, LLC, and STEPHEN B. JACOBS GROUP, PC,<br><br>      Defendants. | 16 Civ. _____ (__)<br><br>**COMPLAINT** |

    Plaintiff United States of America (the "United States") alleges as follows:

    1.  This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act" or the "Act"), 42 U.S.C. §§ 3601-3619.  As set forth in full below, the United States alleges that Defendants, the developers and architect of Liberty Plaza, a residential apartment complex in downtown Manhattan, have unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct Liberty Plaza so as to be accessible to persons with disabilities.

**Jurisdiction and Venue**

    2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because one or more of the defendants reside in this District, because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District, and because the properties that are the subject of this action are located in this District.

## Liberty Plaza

4.     Liberty Plaza is a residential apartment building located at 10 Liberty Street in New York, New York.   The complex consists of a tower with elevator access, and contains 287 rental apartment units and public and common use areas, including a leasing office, landscaped public plaza, retail space, sundeck, swimming pool, fitness center, laundry room, children's playroom, and conference/business center;

5.     The rental units at Liberty Plaza are "dwellings" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

6.     Liberty Plaza was designed and constructed for first occupancy after March 13, 1991.

7.     All of the rental units at Liberty Plaza are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.21.   The complex is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c).

## The Defendants

8.     Glenwood Management Corporation ("Glenwood") is a New York business corporation that, directly and/or operating through its subsidiaries and affiliates, developed, and, in that capacity participated in, the design and construction of Liberty Plaza;

9.     Liberty Street Realty, LLC ("Liberty Street"), a Delaware limited liability company, owns, and, in that capacity participated in, the design and construction of Liberty Plaza;

10.    Stephen B. Jacobs Group, PC ("SBJ Group"), a New York professional

2

corporation, drew the architectural plans for, and, in that capacity participated in, the design and construction of Liberty Plaza;

**Inaccessible Features of Liberty Plaza**

11.     Glenwood, Liberty Street, and SBJ Group participated in the design and construction of Liberty Plaza, which is inaccessible to persons with disabilities.

12.     For instance, Liberty Plaza was designed and constructed with scores of inaccessible features, including, but not limited to, the following:

- a. Insufficient clear opening width at and excessive force required to operate the entrance doors to the building lobby;
- b. Excessively high threshold at entrance to left bathroom for the leasing office;
- c. Mailboxes mounted too high for persons who use wheelchairs;
- d. Excessively high thresholds at entrances to individual units and at entrances to individual unit bathrooms, kitchens, and terraces;
- e. Insufficient clear opening width of bedroom, bathroom, and walk-in closet doors in individual units;
- f. Hallways in individual units lack sufficient width to accommodate persons who use wheelchairs;
- g. Kitchen ranges and refrigerators in individual units lack sufficient clearance for persons who use wheelchairs;
- h. Insufficient clear floor space within bathrooms in individual units for maneuvering by persons who use wheelchairs;
- i. Rear grab bar location behind toilets in individual unit bathrooms obstructed by countertops;

j.   Inaccessible locations of electrical outlets in individual kitchens for persons who use wheelchairs;

k.   Excessively high threshold at entrance to the building's administrative office;

l.   Excessively high thresholds at entrances to the trash rooms;

m.   Excessively high threshold and excessive force required to operate the entrance doors to the laundry room;

n.   Excessively high threshold and excessive force required to operate the entrance door from the children's play room vestibule;

o.   Excessively high thresholds at entrances to both conference rooms; and

p.   Excessively high thresholds and excessive force required to operate the entrance door to the fitness center.

13.   In light of some and/or all of the inaccessible conditions identified in paragraph 12 above, Defendants also failed to comply with applicable local design and construction provisions, including New York City Local Law 58, in designing and constructing Liberty Plaza.

## Glenwood's Additional Properties and Ongoing Construction

14.   The numerous inaccessible conditions at Liberty Plaza reflect a pattern and/or practice on Glenwood's part of failing to comply with the FHA's accessibility requirements in designing and constructing multi-family dwellings covered by the FHA.

15.   For example, Glenwood is involved with the design and construction of two multifamily housing complexes located at 160 West 62nd Street and 329 West 38th Street in Manhattan, which are subject to the FHA's accessibility requirements.   Construction at these two properties, however, resulted in inaccessible conditions such as excessively high thresholds and environmental controls that lack sufficient distance from the edges of kitchen appliances.

4

16.     In addition, Glenwood previously designed and constructed five other multi-family dwellings in Manhattan, including the Brittany on the Upper East Side, The Grand Tier on the Upper West, Paramount Tower on East 39th Street, Barclay Tower in Lower Manhattan, and Emerald Green on West 38th Street.   Glenwood's pattern or practice of failing to design and construct dwellings and associated places of public accommodation in compliance with the FHA, as alleged herein, may extend to these other multi-family dwellings.

## Fair Housing Act Claims

17.     The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–16 above.

18.     Defendants violated 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205(c), by failing to design and construct Liberty Plaza in such a manner that:

    a.   the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

    b.   all doors designed to allow passage into and within the dwellings are sufficiently wide to allow passage by persons who use wheelchairs for mobility; and

    c.   all premises within such dwellings contain the following features of adaptive design:

        i)   an accessible route into and through the dwelling;

        ii)  light switches, electrical outlets, thermostats, and/or other environmental controls in accessible locations; and

        iii) usable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

19. Defendants, through the actions and conduct referred to in the preceding paragraph, have:

   a. Discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

   b. Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

   c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205.

20. The conduct of Defendants described above constitutes:

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619; and/or

   b. A denial to a group of persons of rights granted by the Act, 42 U.S.C. §§ 3601–3619, which denial raises an issue of general public importance.

21. Persons who may have been the victims of Defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries as a result of Defendants' conduct described above.

22. Defendants' discriminatory actions and conduct described above were intentional, willful, and taken in disregard for the rights of others.

6

**Request for Relief**

WHEREFORE, the United States requests that the Court enter an order that:

a. Declares that the policies and practices of Defendants, as alleged herein, violate the Fair Housing Act;

b. Enjoins Glenwood from designing and/or constructing any of its current and future multi-family dwelling projects, in a manner such that they fail to comply with requirements of the FHA;

c. Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

    i. Failing or refusing to bring the dwelling units and public use and common use areas at covered multi-family dwellings that Defendants have designed, developed, and constructed into compliance with the FHA;

    ii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

    iii. Designing and/or constructing any covered multifamily dwellings in the future that do not comply with requirements of the FHA; and

    iv. Failing or refusing to conduct a compliance survey at covered multi-family housing complexes that Defendants have designed, developed, and constructed to determine whether the retrofits ordered in paragraph d(i) were made properly;

d. Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to each person harmed by Defendants' discriminatory conduct and practices; and

e.  Assesses a civil penalty against each Defendant in the maximum amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

The United States further requests such additional relief as the interests of justice may require.

          LORETTA E. LYNCH
          Attorney General of the United States

          /s/ Vanita Gupta
          VANITA GUPTA
          Principal Deputy Assistant Attorney General
          Civil Rights Division

          PREET BHARARA
          United States Attorney

By: /s/ Li Yu
          LI YU
          JESSICA JEAN HU
          JACOB LILLYWHITE
          Assistant United States Attorneys
          86 Chambers Street, 3rd Floor
          New York, New York 10007
          Tel. Nos. (212) 637-2734/2726/2639
          Fax Nos. (212) 637-2686
          Li.Yu@usdoj.gov
          Jessica.Hu@usdoj.gov
          Jacob.Lillywhite@usdoj.gov