**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>          v.<br><br>GLENWOOD MANAGEMENT CORPORATION, LIBERTY STREET REALTY, LLC, and STEPHEN B. JACOBS GROUP, PC,<br><br>                Defendants. | 16 Civ. 836 (JPO)<br><br>**DISBURSEMENT ORDER** |

1. On February 11, 2016, this Court entered a Consent Decree between plaintiff the United States of America (the "Government") and defendants Glenwood Management Corporation and Liberty Street Realty, LLC (collectively, Glenwood"). The Consent Decree resolved claims alleged in the Government's Complaint against the Design and Construction Defendants as set forth in Part D of the Consent Decree.

2. Paragraph 71 of the Consent Decree provides that, in the event that less than the total amount of the Initial Settlement Fund, including accrued interest, is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Remaining Funds") shall be distributed to one or more qualified organizations, mutually agreed upon by the Government and Glenwood, and subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City.

3. Pursuant to Paragraphs 60 through 64 of the Consent Decree, Glenwood made the following efforts to notify potentially aggrieved persons of the Initial Settlement Fund: they published the Notice to Persons Who May Have Suffered from Inadequate Accessible Features at Liberty Plaza and Other Rental Buildings, as set forth in

Appendix F of the Consent Decree ("Notice"), in the *New York Daily News, Our Town, Eastsider, West Side Spirit, Westsider, Chelsea News, Chelsea Clinton News, Our Town Downtown,* and *Downtowner*; they caused a link to an electronic version of the Notice in Portable Document Format (PDF) to be placed on Liberty Plaza's website; they caused a link to an electronic version of the Notice in Portable Document Format (PDF) to be placed on Glenwood's website for five additional rental properties; they mailed the Notice to eleven organizations that aid New Yorkers with disabilities; and they mailed copies of the Notice to the past and present residents of Liberty Plaza, as well as five additional rental properties owned by Glenwood.

4. As a result of these efforts, four claims were made by potentially aggrieved persons, two of which the Government determined were entitled to compensation totaling $47,500. The Government has determined that no additional aggrieved persons will be identified.

5. Accordingly, three hundred ninety-two thousand and five hundred dollars, plus accumulated interest, remains in the Initial Settlement Fund.

6. The Government and Glenwood have agreed upon two organizations to receive the Remaining Funds, split evenly: Harlem Independent Living Center ("HILC") and the Center for Independence of the Disabled, NY ("CIDNY") (collectively, the "Recipients").

7. As a condition for receiving its share of the Remaining Funds, HILC has stated that it would use the funds to pursue the following activities:

- Provide emergency rent arrears to prevent immediate home displacement;
- Provide monetary housing assistance in the form of first, last month's rent, and security deposit;

- Provide housing application assistance;
- Provide repair costs for motorized wheelchairs/scooters/manual chairs; and
- Outreach to the disabled community served by HILC.

In addition, HILC also has agreed to submit a report to the Government within one year after its receipt of the funds to detail how it has used the funds as described above, and submit additional reports every year thereafter until the funds are exhausted.

8. As a condition for receiving its share of the Remaining Funds, CIDNY has stated that it would use the funds to pursue the following activities:

- Conducting workshops and one-on-one work to assist with personal budgeting and credit repair, understanding and applying for vouchers and subsidies, and applying for and keeping housing; and
- Creating a project to educate landlords and management companies to understand how vouchers and subsidies (including the HPD Mainstream Voucher Program, NYCHA and HUD Section 8, Olmstead Housing Subsidy, Nursing Home Transition & Diversion Program, Traumatic Brain Injury Waiver) ensure stable rent payments.

In addition, CIDNY also has agreed to submit a report to the Government within one year after its receipt of the funds to detail how it has used the funds as described above, and submit additional reports every year thereafter until the funds are exhausted.

9. The Court hereby approves the selection of the Recipients and approves the disbursement of the Remaining Funds to the Recipients, split evenly.

10. Glenwood is hereby ordered to evenly disburse the Remaining Funds as required by Paragraph 71 of the Consent Decree to the Recipients within 30 days of the issuance of this order.

11. No later than one year after the entry of this Order, HILC and CIDNY shall each submit a report to counsel for the Government to detail how it has used the funds, and

submit additional reports every year thereafter until the Remaining Funds are exhausted.

**IT IS SO ORDERED**:

This  20th  day of December 2019.

_____
J. PAUL OETKEN
United States District Judge